UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:20-cr-287 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| PATRICK MASON, JR., | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the *pro se* motion of defendant, Patrick Mason, Jr., to withdraw his guilty plea. (Doc. No. 56.) The government opposes the motion. (Doc. No. 63.) For the reasons that follow, defendant's motion to withdraw his plea is denied.

**I. BACKGROUND**

This case began with the filing of a complaint against Mason on April 22, 2020. (Doc. No. 1.) At Mason's initial appearance on April 24, 2020, he waived his right to a preliminary hearing, executed a waiver, the magistrate judge found that there was sufficient evidence to establish probable case, and the matter was bound over to the grand jury. (4/24/2020 Minutes of Proceedings.) At the conclusion of the hearing, the government moved for detention. The magistrate judge ordered Mason detained on a temporary basis and set a detention hearing for May 1, 2020. (4/24/2020 Minutes of Proceedings.) After hearing testimony and arguments at the detention hearing, the magistrate judge denied the government's motion for detention and set bond conditions for Mason. (5/1/2020 Minutes of Proceedings; Doc. Nos. 7–10.)

On May 21, 2020, a bond violation report was filed be the U.S. Pretrial Office, and a warrant was issued for Mason's arrest. (Doc. Nos. 13–15.) On May 29, 2020 and June 4, 2020, a bond revocation hearing was held, Mason was found in violation of his conditions of pretrial release, Mason's bond was revoked, and Mason was remanded to the custody of the U.S. Marshal Service. (5/29/2020 and 6/4/2020 Minutes of Proceedings; Doc. No. 19.)

On June 11, 2020, Mason was charged in a 2-count Indictment, as follows:

Count 1: Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

Count 2: Possession of Firearm by Person with Prior Misdemeanor Domestic Violence Conviction, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

(Doc. No. 20.)

On August 11, 2020, a motion for revocation of the magistrate judge's detention order and for an order reinstating bond was filed on behalf of Mason. (Doc. No. 31.) The government opposed the motion. (Doc. No. 32.) The Court conducted a *de novo* review and, by memorandum opinion and order, the Court found that the government demonstrated by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community or other persons. Accordingly, the Court denied Mason's motion to revoke the detention order. (Doc. No. 34.)

On September 4, 2020, two motions to suppress were filed on behalf of Mason. (Doc. Nos. 35 and 36.) The motions sought to suppress all evidence obtained from the search of the car in which Mason was a passenger and statements taken from Mason. The government opposed the motion. (Doc. No. 39.) After an evidentiary hearing, the Court, in a written opinion, denied Mason's motions to suppress. (Doc. No. 43.)

On November 4, 2020, the Court conducted a final pretrial hearing, during which Mason requested that the Court appoint him a new attorney, which the Court declined to do, as Mason

2

did not establish a sufficient reason to remove his appointed attorney. (11/4/2020 Minutes of Proceedings.) Indeed, Mason's attorney recited all of that he had done on his clients behalf, and the many steps that he had taken at his client's request, including: filing the motion to revoke the detention order; filing the two motions to suppress; providing Mason with requested materials (including jury instructions, a sentencing manual, and case law); discussing the sentencing guidelines and possible sentencing ranges if Mason entered a plea versus if he went to trial; discussing his rights at trial, including subpoena powers; discussing his appellate rights and the possibility of a conditional plea to retain his right to appeal the Court's ruling on the motions to suppress; and conveying the government's plea offer.

Additionally, the Court conducted a colloquy with Mason to address the plea offer made by the government, which included dismissing Count 1 of the indictment. There was also discussion as to whether the government would recommend a three-level (versus a two-level) reduction for acceptance of responsibility, whether the estimated base offense level would be 22 or 20, and whether the Mason would be permitted to enter a conditional plea and reserve his right to appeal the Court's ruling on the motions to suppress.

Mason asked for more time to discuss the government's plea offer and requested that the plea offer be in writing. In order to afford the parties more time, the Court recessed the hearing until November 6, 2020.

At the November 6, 2020 hearing, Mason's attorney reported that the government had presented a written proposed plea agreement. The proposed plea agreement was discussed, and Mason was permitted to ask questions regarding the proposed agreement. The estimated base offense level remained at 22 and the government was still only offering a two-level reduction for acceptance (resulting in an estimated guideline range of 63–78 months), but Mason's right

3

to appeal the Court's ruling on the motions to suppress was preserved. Mason was informed that no one was forcing him to proceed with resolving the case and, if he wished, he could proceed to trial. Mason indicated that he had no problem with proceeding with the case, and so the Court addressed issues relating to the jury trial. At the conclusion of the hearing, Mason again asked for additional time to confer with his attorney regarding whether he wished to proceed to trial or resolve the case, at which point another hearing was scheduled for November 12, 2020.

At the November 12, 2020 hearing, the government announced that it agreed that Mason's base offense level should be 20 and not 22, which, with a two-level reduction for acceptance, would result in a guideline range of 51–63 months. Mason's attorney indicated that with that change, Mason would accept the plea agreement and enter a plea of guilty. The Court recessed the hearing for 2-1/2 hours so that the change to the base offense level in the plea agreement could be made, and so that Mason and his attorney could have another opportunity to discuss the plea agreement.

When the hearing resumed, Mason informed the Court he wished to withdraw his formerly entered plea of not guilty and enter a plea of guilty to Count 2 of the indictment. Mason was then placed under oath and the Court conducted a detailed plea colloquy with him, at the conclusion of which he entered a plea of guilty to Count 2. The Court ordered the preparation of a presentence investigation report and set sentencing for March 4, 2021. (*See generally*, Doc. No. 59, Change of Plea Transcript ["Tr."].)

The first disclosure of the presentence investigation report was filed on January 19, 2021 (Doc. No. 53.) On February 10, 2021, the Court received Mason's letter requesting to withdraw his plea. (Doc. No. 56.)

4

## II. LAW AND ANALYSIS

### A. *Defendant Does Not Have the Right to "Hybrid Representation"*

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814–18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (!975), they have no protected right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 485, 488 (6th Cir. 2014); *United States v. Green*, 388 F.3d 918, 922–23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97–98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (internal citation omitted). *See Mosely*, 810 F.2d at 97–98. Further, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

As such, it is well settled that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.") (citation omitted); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel) (citation omitted); *see also McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief on appeal when represented by counsel).

And in this case, there is no reason to stray from this widely accepted rule. Although Mason has repeatedly asked for new court-appointed counsel, he has not established a valid basis for the request, nor has he attempted to invoke his constitutionally protected right to

5

proceed without the assistance of counsel pursuant to *Faretta,* 422 U.S. at 814–18. Moreover, defendant continues to receive representation from his appointed counsel. The Court finds that allowing defendant to file *pro se* motions, while simultaneously enjoying representation by counsel, will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F. App'x at 488 (noting that hybrid representation is generally prohibited because it increases the risk of delay, confusion and conflicts in trial strategy).

For these reasons, alone, defendant's *pro se* motion to withdraw his plea is denied.

### *B. Defendant Has Failed to Demonstrate Good Reasons to Support Withdrawal of Plea*

The right to withdraw a properly accepted guilty plea is not absolute. *United States v. Wilson*, 351 F. App'x 94 (6th Cir. 2009). After the court accepts a guilty plea but before sentencing, a defendant may withdraw his plea and proceed to trial only if: (1) the court rejects a plea agreement under Rule 11(c)(5) of the Federal Rules of Criminal Procedure; or (2) the defendant provides "a fair and just reason for requesting the withdrawal." *See United States v. Dixon*, 479 F.3d 431, 436–38 (6th Cir. 2007); Fed. R. Crim. P. 32 (e). In *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), *superseded on other grounds by statue as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000), the Sixth Circuit discussed the standard that applies when a court is faced with a motion to withdraw a plea before sentencing, as follows:

> "If a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d).
>
> Courts have noted that the aim of the rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty."
>
> *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991) (quoting *United States v. Carri,* 740 F.2d 339, 345 (5th Cir.1984)), *cert. denied,* –U.S.–, 112 S. Ct. 1231, 117 L. Ed. 2d 465 (1992). In determining whether a defendant invoking Rule

> 32(d) has shown a "fair and just reason," this court considers such factors as those set forth in *Alexander* and in *United States v. Head,* 927 F.2d 1361, 1375 (6th Cir.) (citing *United States v. Spencer,* 836 F.2d 236, 238 (6th Cir.1987)), *cert. denied,* – U.S.–, 112 S. Ct. 144, 116 L. Ed. 2d 110 (1991). These include: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1180–81. As recognized recently in *United States v. Simmons*, "'[t]hese factors represent 'a general, non-exclusive list and no one factor is controlling.'" 794 F. App'x 461, 466 (6th Cir. 2019) (quoting *United States v. Bazzaz*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

The defendant bears the burden of demonstrating "good reasons" to support the withdrawal of his plea, *United States v. Pluta*, 144 F.3d 968, 973 (6th Cir. 1998) (citation omitted), and the decision to grant a withdrawal rests with the discretion of the district court. *United States v. Woods*, 554 F.3d 611 (6th Cir. 2009); *United States v. Durham*, 178 F.3d 796, 798 (6th Cir. 1999).

"Rule 32(e) was not intended to allow a defendant to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Beasley,* 73 F. App'x 98, 121 (6th Cir. 2003) (quotation marks and citation omitted). While an intervening change in the law or newly discovered evidence may qualify as "good reasons," *see United States v. Ortega-Ascanio*, 376 F.3d 879 (9th Cir. 2004), *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005), a defendant's misapprehension of, or dissatisfaction with sentencing consequences, is not a "fair and just" reason for withdrawing a guilty plea. *See, e.g., United States v. Scott*, 929 F.2d 313, 315 (6th Cir. 1991).

7

Turning now to the relevant factors by which requests to withdraw pleas are evaluated, the Court finds, as follows:

1.  *Length of Delay.* Mason did not have a quick change of heart but waited 90 days[1] after entering his plea of guilty before he sought to withdraw it. Such a lengthy delay militates against permitting the plea to be withdrawn. *See Durham*, 178 F.3d at 998–99 (77-day delay weighed heavily against permitting a withdrawal of a guilty plea); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay in requesting withdrawal was the strongest factor supporting the district court's refusal to withdraw a defendant's plea); *United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (denying motion to vacate guilty plea five weeks after plea was entered); *Simmons,* 794 F. App'x at 467 (46 days weighed against withdrawal of guilty plea). Mason's request to withdraw his plea also comes 22 days after the first disclosure of the presentence investigation report, which also makes the timing suspicious. This factor weighs heavily against permitting Mason to withdraw his guilty plea.

2.  *The Presence (or Absence) of a Valid Reason for the Failure to Move for Withdraw Earlier.* Mason gives no reason for his failure to move for withdraw of his plea earlier. Significantly, *all* of the reasons he cites for wanting to withdraw his plea (his plea was not voluntarily, knowingly, or intelligently made; his attorney did not properly advise him as to the consequences of going to trial versus entering a guilty plea; and, he is factually and legally innocent) would have been known to him at the time he entered his plea, and *most* of the reasons he cites would have been known to him even before he entered his plea. There can be no excuse for the delay. This factor weighs against permitting Mason to withdraw his guilty plea.

---

[1] The letter indicates that it was notarized and mailed on February 4, 2020, which would indicate an 86-day delay, one that is still too long and weighs against permitting withdrawal of a guilty plea.

3. *Whether Mason has Asserted on Maintained Innocence.* In his letter, Mason states that he is "factually innocent of the crime charged due to the fact, (sic) he was only a passenger peacefully sleeping in his secured effect parked on private property when the incident occurred. Therefore, the actual acts performed by the defendant do not amount to a crime." He also states that he is "legally innocent of the crime charged as well for the fact, (sic) the only evidence linking the defendant to the crime was illegally seized or in violation of the defendant's rights. Without that evidence, the prosecution cannot go forward, and the defendant will be found not guilty."[2] (Doc. No. 56.)

Setting aside the fact that Mason is minimizing what transpired at the time of his arrest, his claims of innocence really express his disagreement with the Court's ruling on his motions to suppress. In his plea agreement, he has preserved the right to appeal the Court's ruling.

Moreover, as the government notes in its response, Mason's claims of innocence are contradicted by his responses during the plea colloquy. For instance, this exchange took place regarding the elements of the offense:

THE COURT: As set forth in paragraph 10 of the plea agreement, in order to prove you guilty of the charge in Count 2, the government would be required to prove each of the following elements by proof beyond a reasonable doubt:

\*\*\*

The first element is that you were convicted of a misdemeanor crime of domestic violence.

---

[2] Mason's recitation of the facts surrounding his arrest is flawed. At the evidentiary hearing on his motions to suppress, the evidence established that Mason and a second individual were found unconscious and slumped over in a vehicle parked in front of gas pumps at a public gas station with the engine off. Initial efforts by responding officers to wake the subjects by tapping on the windows proved unsuccessful, but the individual in the driver's seat eventually awoke and, with some difficulty, was able to open the vehicle's doors. Defendant, who was still unconscious and non-responsive, was administered a sternal rub causing him to briefly regain consciousness before falling unresponsive again. A weapon fell from defendant's pants as he was removed from the vehicle by police and paramedics. (Doc. No. 43 at 267–69.)

The second element, following your conviction you knowingly possessed a firearm and/or ammunition.

Third, at the time of the commission of the offense, you knew that you were previously convicted of a misdemeanor crime of domestic violence.

And fourth, the specified firearm and/or ammunition crossed a state line prior to your possession.

So do you understand the elements that the government would be required to prove by proof beyond a reasonable doubt in order to convict you of Count 2?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you also understand that these are the elements to which you would be pleading guilty today should you enter a plea of guilty to Count 2, sir?

THE DEFENDANT: Yes, Your Honor.

(Tr. at 27–8.)

Next, the following exchange took place regarding the factual basis:

THE COURT: * * * Now, next we're going to turn to paragraph 20.

Paragraph 20 sets forth the factual basis and relevant conduct for your plea.

\*\*\*

Okay. Now, do you understand – would you like us to read it to you at this time, or are you comfortable that you have read and reviewed paragraph 20 and discussed it with your attorney?

THE DEFENDANT: I'm comfortable, Your Honor.

THE COURT: You're comfortable? So you don't want us to read paragraph 20 to you?

THE DEFENDANT: No, Your Honor.

THE COURT: All right. Do you have any questions whatsoever regarding the information contained in paragraph 20, sir?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you agree that all the information contained in paragraph 20 is accurate, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you engage in the conduct described in paragraph 20, sir?

THE DEFENDANT: I don't get your question.

THE COURT: Paragraph 20 describes the factual basis for your guilty plea. Did you engage in the conduct attributable to you in paragraph 20?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you do so knowingly, voluntarily, and intentionally, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is there any statement of fact in paragraph 20 with which you disagree, sir?

THE DEFENDANT: F, Your Honor.

THE COURT: I'm sorry?

THE DEFENDANT: F, Subsection F.

\*\*\*

THE COURT: What do you disagree with about [Sub]section F?

\*\*\*

THE DEFENDANT: It says I rolled toward the gun but was detained with the assistance of other officers.

THE COURT: All right. So that's the only – that's the sentence you disagree with then?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. Mr. Zarzycki, what is your position regarding that?

MR. ZARZYCKI: Your Honor, I believe that would be the facts that would be produced at trial. It was part of the incident when the officers removed Mr. Mason from the vehicle. That was their perception of what he was doing at the time when they pulled him out. That's why it was in there.

I believe that's also reflective of the testimony at the motion to suppress hearing.

THE COURT: All right. Well, I guess I'm asking you, Mr. Zarzycki, if you believe that that's a fact that's essential?

MR. ZARZYCKI: Actually, and truthfully, I don't believe it's a fact essential to proving the elements of the crime. No, Your Honor. I believe it's a truthful fact, but no, I do not believe that it's essential.

THE COURT: All right. So for purposes of the plea, would you agree to remove that, to strike that sentence?

MR. ZARZYCKI: So long as – I will, Your Honor, so long as I can reserve the right to present, as far as nature and circumstances of the offense, to preserve that at sentencing, even if it is – if it requires testimony from an officer or something to that effect.

MR. HASTINGS: No objection, Your Honor.

THE COURT: Very well. Then that's how we will proceed.

We will strike it for purposes of the plea because it in not essential to proving any of the elements. And that sentence will be stricken.

\*\*\*

So with that then, do you agree with everything set forth in the statement of facts in paragraph 20, Mr. Mason?

THE DEFENDANT: Yes, Your Honor.

\*\*\*

THE COURT: All right. So, Mr. Mason, the sentence that you've asked to be deleted has been deleted. We'll have you re-initial that -- well, initial the new page in a moment, as soon as you receive it.

But let me ask you, do you acknowledge that the facts contained in paragraph 20 of the plea agreement as revised are facts that the government would be able to establish by proof beyond a reasonable doubt if this case were to proceed to trial, sir?

THE COURT: Yes, Your Honor.

(Tr. at 29–34.)

And after the plea agreement was thoroughly reviewed with Mason, this exchange took place:

THE COURT: Do you fully understand the terms and conditions of the plea agreement, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And are you pleading guilty to the charge set forth against you in Count 2 of the indictment because you are in fact guilty of committing the crime, sir?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you have any questions whatsoever about this plea, sir?

THE DEFENDANT: No, Your Honor.

13

THE COURT: And are you now certain that you still wish to enter a plea of guilty as to Count 2 in this case, sir?

THE DEFENDANT: Yes, Your Honor.

\*\*\*

THE COURT: Mr. Mason, knowing all of your rights, knowing all of the rights that you are giving up by entering this plea, and knowing all of the limited rights that you are retaining, knowing what the possible consequences of you plea in this case may be and the possible sentence that you may face under this plea, how do you plead to the charge set forth against you in Count 2 of the indictment?

THE DEFENDANT: Guilty, Your Honor.

(Tr. at 45–8.)

Finally, in his statement of acceptance of responsibility, which he signed on December 15, 2020, Mason stated as follows:

> I accept responsibility for the crime which I plead (sic) guilty to in Count Two of the Indictment . . . . I accepted my responsibility (and continue to accept responsibility) when I plead (sic) guilty in Court while under oath to Judge Sara Lioi on November 12, 2020 to Possession by Person with Prior Misdemeanor Domestic Violence Conviction in violation of 18 U.S.C. § 922(g)(9) and 924(a)(2).

(Doc. No. 54, Presentence Investigation Report ["PSR"], ¶ 14.)

The Court finds that Mason has not consistently maintained his innocence. *See United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (quoting *United States v. Baez*, 87 F.3d 431, 437 (6th Cir. 1996) (a defendant must give "vigorous and repeated protestations of innocence" to support a motion to withdraw a guilty plea)). This factor weighs against permitting Mason to withdraw his guilty plea.

4.  *Circumstances Underlying Entry of Guilty*

Mason's claims that his plea was not voluntarily, knowingly, nor intelligently entered and that his attorney did not properly advise him as to the consequences of going to trial versus entering a plea of guilty are belied by the record. For instance, at the November 4, 2020 hearing, Mason's attorney recited a long list of topics that he discussed with his client, which included the sentencing consequences for Mason if he entered a plea of guilty versus if he went to trial.

Additionally, throughout the numerous hearings conducted in this case, Mason was advised of the nature and elements of the charge, the statutory penalties for the charge, the potential guideline sentencing range, and other Rule 11 topics. Mason requested clarification regarding a number of issues, and the record will reflect that clarification was given to him. Mason also requested additional time to consider whether he wished to resolve the case by entering a plea of guilty, and he was afforded additional time.

Through his attorney, Mason repeatedly expressed disapproval of the original base offense level of 22 and, in the end, the government agreed. During his change of plea hearing, he insisted that a sentence in the factual basis of the plea agreement be deleted before he would agree with the factual basis, and the government capitulated. Also, at the November 6, 2020 hearing, the Court indicated to Mason that no one was forcing him to proceed with resolving the case and, if he wished, he could proceed to trial.

Though Mason did express dissatisfaction with his attorney, after inquiring into the matter, the Court was convinced that there was no valid basis to appoint new counsel, as his attorney had provided more than sufficient representation and effectively represented Mason.

In the end, after the government agreed that: (1) his base offense level should be 20 and

not 22, (2) that he could preserve his right to appeal the Court's ruling on the motions to suppress, and (3) that a sentence he disagreed with be removed from the factual basis, Mason chose to enter a plea of guilty to Count 2. This factor weighs against permitting Mason to withdraw his guilty plea.

5.    *Defendant's Nature and Background.* Mason is 29 years old. He withdrew from high school when he was in the 11th grade, earned his GED, and completed two semesters of college earning an overall GPA of 3.0. (PSR ¶¶ 62 and 70.) He has been able to maintain employment. (PSR ¶¶ 71–77.) Though he has a number of mental health diagnoses, he is not intellectually disabled. (Doc. No. 61-1, Psychological Evaluation.) Based upon the Court's interaction with Mason and the information provided in the PSR and Psychological Evaluation, the Court reaffirms its conclusion that Mason was competent to enter his change of plea. This factor weighs against permitting Mason to withdraw his plea.

6.    *Defendant's Prior Experience with the Criminal Justice System.* Mason is 29 years old and has been extensively involved in the criminal justice system since he was 17 years old. He scores at a Criminal History Category V. His juvenile adjudications include a traffic-related offense, theft-related offenses, and a failure to comply offense. His has four prior adult felony convictions involving burglary and robbery, and his misdemeanor convictions involve theft, domestic violence, menacing, and a number of traffic-related offenses. In two of his prior adult cases he elected to go to trial and was found guilty. This factor weights against permitting Mason to withdraw his guilty plea.

## III. CONCLUSION

For all of the foregoing reasons, Mason has failed to show a fair and just reason to withdraw his guilty plea, and his motion to withdraw his guilty plea is denied.

**IT IS SO ORDERED.**

Dated: March 4, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**